FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

OCT 08 2004

at 1 o'clock and 55 min. P M
WALTER A. Y. H. CHINN, CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| PANTELIS ANTONAKEAS,<br><br>    Petitioner,<br><br>    vs.<br><br>UNITED STATES OF AMERICA,<br><br>    Respondent. | Civ. No. 04-00494 HG-LEK<br>Crim. No. 92-00784-11 HG<br><br>ORDER DENYING PETITIONER'S<br>MOTION UNDER 28 U.S.C. § 2255<br>TO VACATE, SET ASIDE, OR<br>CORRECT SENTENCE BY A PERSON<br>IN FEDERAL CUSTODY |

**ORDER DENYING PETITIONER'S MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY**

On September 8, 1993, Petitioner Pantelis Antonakeas ("Petitioner") was found guilty of conspiring to distribute and possessing with intent to distribute more than 500 grams of cocaine in violation of 21 U.S.C. §§ 846 and 853; with possessing more than 500 grams of cocaine with intent to distribute in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2; and with possessing with intent to distribute and aiding and abetting the possession with intent to distribute more than 500 grams of cocaine in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2.

On December 14, 1998, the Court sentenced Petitioner to 168 months in prison with five years supervised release for each of the three counts, said terms to run concurrently. Petitioner

appealed to the Ninth Circuit Court of Appeals.

On June 19, 2001, the Ninth Circuit Court of Appeals affirmed the judgment and sentence in <u>United States v. Antonakeas</u>, 255 F.3d 714 (9th Cir. 2001).

On September 25, 2001, the Ninth Circuit Court of Appeals denied Petitioner's petition for rehearing.

On January 2, 2003, Petitioner filed a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. Attached to his petition, Petitioner filed a motion for appointment of counsel and a motion for leave to amend his petition.

On April 30, 2003, the Court denied Petitioner's § 2255 petition.

Before the Court is Petitioner's second § 2255 petition, filed on August 12, 2004.

For the reasons set forth below, Petitioner's § 2255 petition is DENIED.

## ANALYSIS

Petitioner was convicted of multiple drug offenses and sentenced to 168 months in prison. On January 2, 2003, Petitioner filed a petition for habeas relief pursuant to 28 U.S.C. § 2255, which the Court denied on April 30, 2004. On August 12, 2004, Petitioner filed a second habeas petition pursuant to 28 U.S.C. § 2255, which is currently before this

Court.

Petitioner did not obtain certification from the Ninth Circuit Court of Appeals before bringing the instant motion. In general, where a prisoner has already challenged the legality of his detention pursuant to § 2255, he may not bring a second petition under that section unless he first obtains certification, as provided in 28 U.S.C. § 2244, by an appropriate panel of the court of appeals. The panel must certify that the second motion contains either:

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255.

As Petitioner failed to obtain prior certification by the court of appeals, the Court lacks jurisdiction to consider Petitioner's second § 2255 petition. See Cooper v. Calderon, 274 F.3d 1270, 1274 (9th Cir. 2001) (". . . the district court may not, in the absence of proper authorization from the court of appeals, consider a second or successive habeas application.") (internal quotations and citation omitted).

Petitioner claims that pursuant to Castro v. United States, 540 U.S. 375, 124 S. Ct. 786 (2003), the instant motion should be construed as his first § 2255 motion. In Castro, the United

3

States Supreme Court held that the district courts may not recharacterize a pro se litigant's motion as a first § 2255 motion unless it has: (1) notified the pro se litigant that it intends to recharacterize the pleading; (2) warn the litigant that this recharacterization means that any subsequent § 2255 motion will be subject to the restrictions on second or successive § 2255 motions; and (3) provide the litigant an opportunity to withdraw the motion or to amend it so that it contains all the § 2255 claims he believes he has. See id. at 792. "If the court fails to do so, the motion cannot be considered to have become a § 2255 motion for purposes of applying to later motions the law's 'second or successive' restrictions." Id. (citation omitted).

Castro is inapplicable to the instant case. The petition filed by Antonakeas on January 2, 2003 was entitled "Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody." The Court's April 30, 2003 order denying the § 2255 petition did not recharacterize Antonakeas's petition.

The Court does not reach Petitioner's substantive claims, brought pursuant to Jones v. United States, 526 U.S. 227 (1999), and Blakely v. Washington, ___ U.S. ___, 124 S. Ct. 2531 (2004), as the Court lacks jurisdiction to consider the instant motion.

## CONCLUSION

In accordance with the foregoing, Petitioner's second motion under 28 U.S.C. § 2255 to vacate, set aside or correct sentence by a person in federal custody is DENIED.

IT IS SO ORDERED.

DATED:   Honolulu, Hawaii, October 8, 2004.

_____
HELEN GILLMOR
United States District Judge

---

Pantelis Antonakeas v. United States of America, Civil No. 04-00494 HG-LEK; Crim. No. 92-00784 HG-11; **Order Denying Petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody**